*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ROBERT LEE STEPHENS,

Defendant-Appellant.

UNPUBLISHED
December 30, 2024
9:59 AM

No. 366451
Kalamazoo Circuit Court
LC No. 2022-001681-FH

Before: CAMERON, P.J., and K. F. KELLY and GARRETT, JJ.

GARRETT, J. (*dissenting*).

I respectfully dissent and would hold that the trial court erred by admitting the hearsay testimony of Officer Kadin Baar about statements made by eyewitness, Natonya Smith. I would further hold that this amounted to plain error that affected the outcome of the proceedings and seriously affected the fairness, integrity, or public reputations of the proceedings. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). For that reason, I would vacate defendant's conviction of domestic violence and remand for a new trial on that charge.

We review a trial court's decision regarding the admissibility of evidence for an abuse of discretion. *People v Duenaz*, 306 Mich App 85, 90; 854 NW2d 531 (2014). However, "[w]hen an issue is not properly preserved for appellate review, this Court reviews the unpreserved issue for plain error affecting a defendant's substantial rights." *People v Francis*, ___ Mich App ___; ___ NW3d ___ (Docket No. 364998); slip opn at 3. A defendant is entitled to relief under the plain error rule only if the error was clear or obvious and it affected the defendant's substantial rights. *Carines*, 460 Mich at 763.

Relevant to this issue, the prosecutor charged defendant with one count of assault with intent to do great bodily harm less than murder or by strangulation, MCL 750.84, and one count of domestic violence, MCL 750.81. At trial, the victim testified that defendant was waiting for her inside her apartment building and jumped in the back seat of her car as she tried to get into her vehicle and drive away. The victim further testified that defendant punched her, ordered her to drive him to his apartment, and, as she drove, defendant repeatedly threatened her, pulled her hair, and strangled her. Smith was with the victim during these incidents and, afterward, Smith spoke

-1-

to Officer Baar about what she observed. Smith did not appear for defendant's trial but, following the victim's testimony, the prosecutor called Officer Baar to testify about what Smith told him about the crime. During the prosecutor's direct examination of Officer Baar, the following exchange occurred:

> *Q.* So you met with a woman who was obviously distraught who described being assaulted by him, is that right?

> *A.* That's correct, sir.

> *Q.* And then did you meet with an eyewitness that was present during all of this?

> *A.* I did, sir.

> *Q.* Did you speak with her about what happened?

> *A.* I did.

> *Q.* Did she say anything that was in difference to what [the victim] said?

> *A.* Not at all.

> [*Defense Counsel*]: Objection, I think it calls for hearsay. It's certainly implied hearsay and I would object to it.

> *The Court*: Overruled.

> *Q.* Go ahead. What is your answer?

> *A.* Not at all. They were both consistent with one another.

> \* \* \*

> *Q.* The two statements that the two women gave you, they were consistent, is that right?

> *A.* Yes.

> *Q.* And those statements involved this man assaulting [the victim]?

> *A.* That's correct, sir.

> *Q.* Both statements involved this man strangling [the victim]?

> *A.* That's correct.

" 'Hearsay' is a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c).

Hearsay is not admissible unless an exception applies under the Michigan Rules of Evidence. See MRE 802. The trial court gave no reason for overruling defense counsel's objection to Officer Baar's testimony on hearsay grounds, but Officer Baar's testimony was plainly hearsay.

In essence, by testifying that Smith's description of the crime was identical to that of the victim, Officer Baar stated that an unavailable eyewitness confirmed every detail of the victim's version of events. This not only bolstered the victim's testimony, which differed in significant respects from her statements at the scene, but the prosecutor also offered Smith's statements through Officer Baar as substantive evidence of defendant's conduct to prove both assault with intent to do great bodily harm by strangulation and domestic violence. Thus, Officer Baar gave Smith's out-of-court statements for the truth of the matter asserted—that defendant committed the charged crimes exactly as described by the victim. The evidence of Smith's statements was hearsay and the trial court's decision to admit it was an abuse of discretion. MRE 804(b)(3); *People v Zitka*, 325 Mich App 38, 43-44; 922 NW2d 696 (2018).

The Confrontation Clause of the United States provides, in relevant part, that "the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." US Const, Am VI. The Confrontation Clause of the Sixth Amendment is applicable to the states through the Due Process Clause of the Fourteenth Amendment. *Tennessee v Lane*, 541 US 509, 523; 124 S Ct 1978; 158 L. Ed. 2d 820 (2004). Further, the Michigan Constitution similarly provides that, "[i]n every criminal prosecution, the accused shall have the right . . . to be confronted with the witnesses against him or her[.]" Const 1963, art 1, § 20. Thus, "[a]s a rule, if an out-of-court statement is testimonial in nature, it may not be introduced against the accused at trial unless the witness who made the statement is unavailable and the accused has had a prior opportunity to confront that witness." *People v Henry (After Remand)*, 305 Mich App 127, 156; 854 NW2d 114 (2014); See also *People v Walker (On Remand)*, 273 Mich App 56, 60-61; 728 NW2d 902 (2006), citing *Crawford v Washington*, 541 US 36, 59, 68; 124 S Ct 1354; 158 L Ed 2d 177 (2004).

A statement is "testimonial" if it has the primary purpose of establishing "past events potentially relevant to later criminal prosecution." *Henry*, 305 Mich App at 153 (quotation marks and citation omitted). "The constitutional concern is out-of-court statements of witnesses, that is, persons who bear testimony against a defendant." *Id*. (quotation marks and citation omitted). As our Supreme Court further explained in *People v Washington*, ___ Mich ___; ___ NW3d ___ (2024) (Docket No. 165296):

> A statement is "testimonial" if it was "made 'under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial[.]' " [*People v Fackelman*, 489 Mich 515, 556, 802 NW2d 552 (2011)], quoting *Crawford*, 541 US at 51-52 (brackets in *Fackelman*). But, even if the statement is testimonial, "the Confrontation Clause applies only to statements used as substantive evidence." *Fackelman*, 489 Mich at 528. [*Washington*, ___ Mich App at ___; slip op at 6 (footnote omitted.)]

Thus, statements are not testimonial if made to police officers when the primary purpose of the interrogation is to enable the officers to address an ongoing emergency. *Walker*, 273 Mich App at 60-61. But statements *are* testimonial when made to police officers under circumstances unrelated

to an ongoing emergency, but to prove or establish events relevant to later prosecution. *Ohio v Clark*, 576 US 237, 244; 135 S Ct 2173; 192 L Ed 2d 306 (2015).

As discussed, Smith described to Officer Baar the details of the crimes of assault by strangulation and domestic violence that she observed once she and the victim were no longer with defendant. No ongoing emergency rendered Smith's statements to Officer Baar nontestimonial and, therefore, Smith's assertions to Officer Baar were made to establish events relevant to defendant's arrest and prosecution. In other words, Smith made the statements in a context that would lead a reasonable person to believe that the statement would be available for use at a later criminal proceeding. *Washington*, ___ Mich App at ___; slip op pp 9-10. The prosecutor thereafter used Smith's statements through Officer Baar's testimony at defendant's criminal trial to establish that he committed the crimes. But because defendant had no opportunity to cross-examine Smith about her statements, their admission through Officer Baar violated defendant's rights under the Confrontation Clause. *Henry*, 305 Mich App at 156. Further, even to the extent Officer Baar *implied* that the substance of Smith's testimony included the same description of events offered by the victim, our Supreme Court has ruled that such testimony amounts to a violation of the Confrontation Clause. *Washington*, ___ Mich App at ___; slip op pp 14-16.

Although the majority is correct that defendant objected on hearsay grounds and did not assert a constitutional violation in the trial court, I would hold that this violation of the Confrontation Clause amounted to plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 763-764. As discussed, the victim's testimony about defendant's conduct was not unequivocal and differed from her statements immediately following the crime. Defense counsel cross-examined the victim about inconsistencies in her testimony, then Officer Baar testified that Smith's statements about the crime were entirely consistent with the victim's version of events. Further, in his closing argument, the prosecutor argued that Officer Baar's testimony about what Smith told him proved that the victim was telling the truth that defendant assaulted and strangled her.

At no time did defendant have the opportunity to cross-examine Smith, compare her statements to the victim's statements and testimony, or have the jury view her to assess her credibility. Fundamentally, "[t]he right of confrontation insures that the witness testifies under oath at trial, is available for cross-examination, and allows the jury to observe the demeanor of the witness." *People v Watson*, 245 Mich App 572, 584; 629 NW2d 411 (2001) (citation omitted). A witness's demeanor includes "the words the witnesses said, the manner in which the words were said, the witnesses' body language, any pauses in the testimony, the mannerisms, and any other intangible factors." *People v Brown*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 359376); slip op at 6 (opinion of the Court). Moreover, the right to confrontation has procedural components simply not present in Officer Baar's assertions about what Smith said, including that confrontation ensures statements are made under oath, in the presence of the accused and the finder of fact, and subject to cross-examination. *Id.*, ___ Mich App at ___; slip op at 10 (HOOD, J. (concurring in part). For these reasons, I would hold that the admission of the hearsay statements through Officer Baar amounted to a clear and obvious constitutional error.

I also disagree with the majority's assertion that, given the evidence presented, the admission of Smith's out-of-court statements to prove defendant's guilt had no bearing on the outcome of defendant's trial. As discussed, the plain-error standard requires a showing that the

error affected defendant's substantial rights, which means that it affected the outcome of the proceedings. *Carines*, 460 Mich at 763. The prosecutor called only two witness at defendant's trial, the victim and Officer Baar, and the prosecutor admitted to the jury that he had no evidence to present other than testimony. The majority emphasizes the strength of the victim's testimony in finding that the admission of Smith's hearsay statements was harmless, but the record does not support this view.

During her direct examination, the victim testified that she dated defendant between 2013 and 2015 and, for some unknown reason, defendant waited inside her apartment building on September 11, 2022, and ran after her when she walked through the door of her building. The victim further testified that she ran back to her car and tried to close the door, but that defendant caught up to her and tried to punch her, but missed. According to the victim, defendant got into the car and sat in the back seat, punched her, called her offensive names, repeatedly threatened to kill her, and ordered her to drive him to his apartment. The victim further stated that, while she was driving, defendant pulled her hair and pulled back the hood of her jacket, which caused her to choke. The victim testified that she had a hard time breathing while defendant was strangling her because he was pulling her jacket so hard. The victim also testified that, after she dropped defendant off, defendant returned to her apartment complex in another vehicle, chased her vehicle, and tried to tap her bumper as she was driving down the road.

During her cross-examination, the victim testified that she believed defendant's goal was to simply get a ride from her and defendant suddenly became angry with her for no discernable reason. She also testified during cross that no argument happened as she was driving and she further agreed that the car ride was quiet. She then corrected herself and said that defendant "was the one who was doing the talking." She also testified that defendant left no marks on her neck and said twice that she could breathe while she was driving the car as defendant pulled on the hood of her jacket. The victim admitted that she failed to tell Officer Baar that defendant tried to punch her as she was trying to get into her car, and she denied telling Officer Baar that defendant choked her with his hands.

Officer Baar then testified that, shortly after the incident, the victim told him that defendant strangled her by wrapping both of his hands around her neck, which is what he wrote in his police report. As noted, Officer Baar testified that the statements of the victim and Smith were consistent with each other and that he arrested defendant because of their assertions. During his cross-examination, Officer Baar testified that the victim never said defendant was waiting for her inside her apartment building, but that he approached her as she was getting out of her vehicle at the apartment complex. Officer Baar denied that the victim ever said defendant swung at her or punched her while she was inside the vehicle. He also reiterated that the victim stated that defendant strangled her by placing his hands and fingers around her throat. Further, Officer Baar denied that the victim ever reported that defendant chased her in another vehicle and tried tap her bumper.

Thus, although only two witnesses testified at trial, the victim contradicted herself on the stand and her trial testimony also contradicted statements she gave on the night of the incident. During its deliberations, the jury asked to re-watch the testimonies of both witnesses and also asked for a copy of the police report. Pertinent to these issues, after further deliberations, the jury acquitted defendant of the assault by strangulation charge, but convicted him of domestic violence.

I am persuaded that, in light of the jury's need to view all of the trial evidence twice to reach a guilty verdict on one charge involving the victim, the prosecutor's use of Smith's hearsay statements through Officer Baar affected the outcome of defendant's trial. *Carines*, 460 Mich at 763-764.

It is clear that, by acquitting defendant of the charge, the jury found that insufficient evidence showed defendant assaulted the victim with intent to do great bodily harm through strangulation. Given the many inconsistencies between the victim's testimony and the police report, it is logical to conclude that it was outcome determinative to admit Officer Baar's unconstitutional hearsay testimony, which corroborated all of the statements about the crime from the only other eyewitness, and for the prosecutor to emphasize the substantive value of Smith's statements. In my view, plain error affected defendant's substantial rights because the prosecutor introduced unconstitutional hearsay as substantive evidence of defendant's commission of a crime from a second eyewitness that echoed and bolstered the victim's otherwise tenuous and inconsistent testimony.

Once a defendant shows that plain error affected his substantial rights, we may only reverse "the plain, forfeited error resulted in the conviction of an actually innocent defendant or . . . seriously affected the fairness, integrity or public reputation of judicial proceedings . . . ." *People v Allen*, 507 Mich 597, 614; 968 NW2d 532 (2021). In my view, the admission of what amounted to quintessential hearsay testimony in clear violation of defendant's rights under the Confrontation Clause when evidence was otherwise contradictory affected the fairness of defendant's trial. Smith's testimony was presented through a police officer who assured the jury that Smith's eyewitness statements matched those of the only testifying witness. This deprived defendant of the right to face or cross-examine the only eyewitness other than the complainant and prevented the jury from fully assessing the facts and the witnesses' credibility. Because this amounted to a clear constitutional violation that weighed heavily in favor of the prosecution, I would hold that it seriously affected the fairness of defendant's trial. *Carines*, 460 Mich at 763-764. Accordingly, I would vacate and remand for a new trial on this ground.


/s/ Kristina Robinson Garrett